Charles F. RUBSAM, Appellant,

v.

HARLEY C. LONEY COMPANY, Appellee.

No. 12154.

United States Court of Appeals
Sixth Circuit.

Dec. 20, 1954.

See also 10 F.R.D. 344.

Charles F. Rubsam, Santa Barbara, Cal., pro se (Harry W. Brelsford, Santa Barbara, Cal., on the brief).

Casper W. Ooms, Chicago, Ill. (Robert C. Williams, Chicago, Ill., on the brief), for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellant, Charles F. Rubsam, by this action seeks an injunction against the appellee, Harley C. Loney Company, hereinafter referred to as Loney, against further infringement of appellant's patent rights and an accounting for profits and damages for past infringement. The District Judge, including findings of fact in his well-developed opinion, as authorized by Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., dismissed the action, from which ruling this appeal was taken. See D.C., 117 F.Supp. 164.

Appellee is the assignee of Hume Patent No. 2,036,757 granted April 7, 1936, dealing with balancing weights used in balancing wheels on automobiles. Appellant claims to have acquired the exclusive right to manufacture and sell wheel balance weights in the production field under said patents by means of license agreements executed February 17, 1936, while said patents were still in the application stage. These rights are set out in written agreements of that date, filed as Exhibits A and B. The rights of the respective parties were also affected by an agreement of August 24, 1936, filed as Exhibit C, and by an alleged agreement dated August 5, 1944, filed as Exhibit D, the making of which was denied by the appellee. Appellant's rights are determined by the terms of these written instruments and by the determination of whether Exhibit D ever became an executed contract between the parties.

As pointed out by the District Judge, at the time when Exhibits A and B were executed the license thereby granted to Rubsam was subject to outstanding licenses entered into between Hume and each of the following, namely, Chrysler, Nash and DuSang. Exhibit A expressly provides that the license being granted to Rubsam was subject to those outstanding licenses. We agree with his ruling that the provision in relation to cast-on spring clip weights in the exclusive license given by Hume to DuSang was at no subsequent time divorced from the Hume-DuSang license and given over to Rubsam. It is true that in Exhibit A Hume and Loney agreed that the royalty rate provided in the license agreement between Hume and DuSang would not be decreased without the consent of Rubsam, and that this provision was possibly, though not without question, violated by the rewriting of the Hume-DuSang agreement on July 18, 1938 in a compromise of some pending infringement proceedings in the District Court at Indianapolis, Indiana, which new agreement contained royalty-free cross licenses. Rubsam is not suing for damages arising out of that alleged breach. Any new rights acquired by Loney through this agreement did not pass to Rubsam through the medium of the original license agreement, Exhibit A, as contended by Rubsam. That agreement included a license "under any other patent that may issue on any application for letters patent by Hume and/or that may be owned or controlled by Hume or Loney * * *." It did not cover additional license rights under the same patent.

The District Judge made findings that there was neither an express nor an implied license on the Rubsam patents in service to Loney, under which Loney would be required to pay the royalties claimed by Rubsam, and that the alleged contract of August 5, 1944, Exhibit D, under which Rubsam claims that Loney had an express license under the Rubsam patents for original production was merely a written offer from Loney which was not accepted by Rubsam and did not mature into a contract between the parties. These findings are supported by the evidence, which is well reviewed in the District Judge's opinion, to which reference is made, are not clearly erroneous, and are accepted on this appeal.

The judgment is affirmed.